**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0039n.06
Filed: January 12, 2005

**No. 04-3557**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

        **Plaintiff-Appellee,**

v.

**RICARDO HILL,**

        **Defendant-Appellant.**

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

**BEFORE: GIBBONS, and ROGERS, Circuit Judges; BELL, District Judge.**[*]

      **PER CURIAM.** Defendant entered a guilty plea to one count of bank theft, in violation of 18 U.S.C. § 2113. Defendant appeals his sentence of five months incarceration, and three years supervised release, five months of which is to be spent under home incarceration. In addition, a restitution order of $13,925.08 was imposed. Jurisdiction is proper under 28 U.S.C. § 1291.

I.

      The underlying events giving rise to Defendant's prosecution occurred while he was employed as a branch manager at Northside Bank and Trust, located in Cincinnati, Ohio. On

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

March 18, 2002, Defendant authorized a $22,000 loan to the Sunshine Center. In early September 2002, bank officials conducted an internal investigation of the loan and learned that Defendant himself negotiated the $22,000 check issued to the Sunshine Center, using the money to pay his own personal debts. When confronted, Defendant resigned from the bank and admitted that he obtained the loan fraudulently. In addition, in July or August 2002, Defendant's brother, Wally, applied for an $11,000 loan. The loan was issued to Wally's business, Hill's Auto. Defendant, however, admitted the loan was also used to pay his personal debts.

At the initial sentencing hearing on April 12, 2004, Defendant requested a departure for aberrant behavior under U.S.S.G. § 5K2.20.[1] The court stated that such a departure is appropriate only when a defendant commits a single criminal act or transaction. The court reconvened the sentencing hearing on April 29, 2004, in order to determine if the $11,000 loan was relevant conduct in the case. At the hearing, the government presented the testimony of Defendant's supervisor, Vice President and Consumer Loan Manager Toni Headley. Headley testified that she denied the loan to Hill's Auto due to the familial relation, but that Defendant, without authority, issued the check anyway. Hill contradicted Headley's testimony, stating that Headley did approve the loan and that the loan was a legitimate loan

---

[1]The applicable version of U.S.S.G. § 5K2.20(b) reads: "The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S. SENTENCING GUIDELINES MANUAL § 5K2.20(b) (2003).

to Hill's Auto. Defendant did admit that upon receiving the loan, his brother was going to give Defendant the loan proceeds to help him pay his personal debts.

After weighing the evidence, the court concluded that the $11,000 loan was relevant conduct for purposes of calculating Defendant's offense level. In addition, the court noted that it had "previously ruled on the issue of aberrant behavior," and concluded that the only basis for downward departure was that the bank might suffer from Defendant's incarceration, in that it would affect his ability to fulfill his restitution obligation. The court acknowledged that it could depart based on Defendant's ability to pay restitution, but ultimately decided against granting a departure. The court sentenced Defendant to five months imprisonment and three years supervised release, the first five months of which were to be served in home confinement. Thereafter, Defendant filed a timely notice of appeal to this court.

## II.

Defendant challenges his sentence on two grounds. First, Defendant argues that the district court erred as a matter of law in determining that it lacked authority to grant a departure for aberrant behavior under U.S.S.G. § 5K2.20. Second, Defendant argues that the district court erred in concluding that the $11,000 loan to Hill's Auto was relevant conduct for sentencing purposes under U.S.S.G. § 1B1.3.

Generally, a court's decision not to grant a discretionary downward departure is unreviewable. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir. 2000). This court, however, may review a district court's determination that it lacked the authority for a

downward departure under the Sentencing Guidelines under an abuse of discretion standard.[2]

*United States v. Coleman*, 188 F.3d 354, 357 (6th Cir. 1999) (citing *Koon v. United States*, 518 U.S. 81, 99-100 (1996)).  "A district court by definition abuses its discretion when it makes an error of law."  *Id.*

Defendant argues that the district court erred as a matter of law by concluding that an aberrant behavior departure is inappropriate when there is more than a single criminal act or transaction.  In support, Defendant cites *United States v. Duerson*, 25 F.3d 376 (6th Cir. 1994), in which this Court reviewed various circuits' interpretations of "single acts of aberrant behavior" delineated in U.S.S.G. ch. 1, pt. A, subpart 4(d).  25 F.3d at 380-82.  Specifically, Defendant relies upon this Court's statement declining to rule on the issue.  *Id.* at 382 ("As to the 'single act' question, the issue is an open one in this circuit, and we are content to let it remain so for a while longer.").  Defendant also relies upon the historical notes to the 2000 amendment to U.S.S.G. § 5K2.20 in which the Commission recognizes the conflict over the interpretation of "a single act of aberrant behavior."  U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II, amt. 603, at 76-77 (2003).  Further, the historical notes state that the reason for the amendment was to allow a more flexible description of aberrant

---

[2]The government contends that the district court was aware of its discretion to depart based on Defendant's aberrant behavior; therefore, it argue that the district court's decision on this issue is not cognizable on appeal.  *See Moore*, 225 F.3d at 643.  We find that the government's reading of the district court's decision is erroneous.  The district court found that it did not have the discretion to depart based on aberrant behavior.  The government contends that the district court specifically stated that it had the discretion to depart but elected not to do so.  Viewed in context, however, the statement cited by the government refers to the court's discretion to depart based on Defendant's ability to pay restitution. J.A. at 107.

behavior and to "slightly relax" the "single act" rule. *Id*. at 76. Defendant argues this Court's statement in *Duerson* coupled with the commentary provided in the 2000 amendment demonstrates that aberrant behavior can encompass more than a single act, therefore, the district court erred in finding that it lacked the authority to depart on this basis.

While the case law is not clear, we find that the district court correctly concluded, that "the law in this circuit is aberrant behavior is a single act." J.A. at 103. We cannot find any applicable precedent extending the aberrant behavior principle to encompass situations, such as this, where the defendant commits more than one criminal act. The evidence showed that Defendant engaged in more than one criminal transaction. Defendant fraudulently took out a $22,000 loan, then fraudulently took out a second loan for $11,000. The second loan precluded the district court from considering a downward departure under § 5K2.20. Further, we note that while Defendant correctly cites the Commission's effort to interpret aberrant behavior more flexibly, he overlooks the portion of the historical notes stressing that an aberrant behavior departure is available "only in an extraordinary case" and that the amendment was not meant to "broadly expand departures for aberrant behavior." U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II, amt. 603, at 76-77 (2003). Moreover, Defendant fails to acknowledge the, more recent 2003 amendment that "significantly restructures §5K2.20" and "further restricts the availability of departures based on aberrant behavior." *Id*., amt. 651, at 364. The 2003 amendment also clarifies "that repetitious or significant, planned behavior does not meet the requirements for receiving a departure under § 5K2.20." *Id.* Consequently, the current version of the Guidelines makes clear that the

district court did not err by concluding that the law in this circuit did not allow an aberrant behavior departure where the defendant committed more than a single act; thus, the court did not abuse its discretion.

Defendant also argues that the district court erred in finding that the $11,000 loan was relevant conduct for sentencing purposes under U.S.S.G. § 1B1.3. Defendant contends that the district court's findings regarding the $11,000 loan were not supported by a preponderance of the evidence. Under U.S.S.G. § 1B1.3, a district court can increase a defendant's base offense level based on relevant conduct, including conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(2) (2003). A district court may consider uncharged criminal conduct in determining a defendant's offense level under the Sentencing Guidelines provided that the government proves that such conduct has occurred by a preponderance of the evidence. *United States v. Comer*, 93 F.3d 1271, 1284 (6th Cir. 1996) (citing *United States v. Aideyan*, 11 F.3d 74, 76 (6th Cir. 1993)). "A district court's findings with respect to relevant conduct should not be disturbed unless clearly erroneous." *United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996) (citing *United States v. Moored*, 997 F.2d 139, 143 (6th Cir. 1993)).

We cannot say that the district court's finding that the $11,000 loan was relevant conduct for sentencing purposes was clearly erroneous. The district court convened a hearing and heard testimony from both sides regarding the $11,000 loan. Ultimately, the district court concluded that the testimony of Ms. Headley was more credible than the

testimony of the Defendant regarding the $11,000 loan. This was not clearly erroneous. *See* FED. R. CIV. P. 52(a) ("Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."). Further, after hearing the evidence the district court explicitly found that the second loan followed Defendant's *modus operandi* and that the purpose of both loans was to pay off his personal debts. "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by *at least one common factor*, such as common victims, common accomplices, common purpose, or similar *modus operandi*." U.S. SENTENCING GUIDELINES MANUAL § 1B1.3, application note 9(A) at 30 (2003) (first emphasis added). In this case, the district court found that two of the factors were present. Therefore, the district court's determination that the $11,000 loan was relevant conduct was not clearly erroneous.

Accordingly, for the foregoing reasons, we **AFFIRM** Defendant's sentence.